IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:04CR57(1) |
| vs. | § § § § § | |
| MICHAEL ROSS | § § § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

The Government moved to revoke Defendant Michael Ross's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 3 in the Petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to serve 24 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offenses of Possession with Intent to Distribute and Distribution of Methamphetamine and Possession of a Firearm During and in Relation to a Drug Trafficking Crime, Defendant was sentenced on March 22, 2005, by the Honorable Leonard Davis, Chief United States District Judge, to 120 months of imprisonment to be followed by 3 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on April 23, 2013.

*Allegations*

In the Petition for Warrant for Offender Under Supervision filed on December 30, 2013, United States Probation Officer Lupe Saucedo alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall not commit another federal, state or local crime; (2) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (3) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (4) the defendant shall participate in a program of testing and treatment for alcohol and drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

More specifically, it is alleged that Defendant was arrested by the Tyler Police Department on December 11, 2013 for the offense of Possession of a Controlled Substance PG 3<28 grams. On the same date, Defendant allegedly associated with a convicted felon, Margaret Bobbitt Kirby, without the approval of his probation officer. Subsequently, on December 18, 2013, Defendant allegedly provided the U.S. Probation Office with a substituted urine specimen when he reported for random urine testing. On January 10, 2014, Defendant allegedly reported to the U.S. Probation Office and attempted to use a device designed to falsify drug test results and failed to provide a urine specimen as instructed. On the same date, Defendant allegedly provided the U.S. Probation Office with a written statement admitting he illegally used hydrocodone on or about January 9, 2014. Defendant provided urine specimens on August 21, 2013 and September 5, 2013 that allegedly tested positive for methamphetamine/amphetamine.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992). In the present case, Defendant's original offenses of conviction were Class A and Class C felonies. Accordingly, the maximum sentence the Court may impose is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using and thereby possessing methamphetamine as alleged in the Petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Possession of a Controlled Substance PG 3<28 Grams, attempting to use a device designed to falsify drug test results, using

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

and thereby possessing hydrocodone, associating with a convicted felon, and by not providing a urine specimen as instructed as alleged in the Petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the Guidelines provide a guideline range of 8 to 14 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On January 31, 2014, Defendant appeared for a final revocation hearing. Assistant Federal Defender Ken Hawk and Assistant United States Attorney Jim Middleton announced that an agreement was reached for Defendant to enter a plea of true to Allegation 3 in the petition and to jointly request a sentence of 24 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, Defendant waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 in the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Seagoville.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and Defendant should be sentenced to 24 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final

judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 24 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocate before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 24 months with no further supervised release.

So ORDERED and SIGNED this 31st day of January, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE